# UNITED STATES DISTRICT COURT
# DISTRICT OF RHODE ISLAND

| | |
|---|---|
| **MICHAEL R. CHISHOLM,** : | |
| *Plaintiff* : | |
| : | |
| v. : | **C.A. No.:** |
| : | |
| **WEST INDIES MANAGEMENT CO.,** : | |
| d/b/a WIMCO, alias, **NOCTURNE** : | **Jury Trial Demanded** |
| **LUXURY VILLAS, INC.,** alias, : | |
| *Defendants* : | |

## COMPLAINT

### I.     Introduction

1. This is an action brought by Plaintiff Michael R. Chisholm ("Plaintiff") against the Defendants West Indies Management Company, d/b/a WIMCO, alias and Nocturne Luxury Villas, Inc., alias ("Defendants"), his former Employers, seeking compensatory, liquidated, and punitive damages, counsel fees, costs and other equitable relief, arising out of Defendants' violation of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201, *et seq.*, the Rhode Island Payment of Wages Act ("RIPWA"), R.I. Gen. Laws § 28-12-1, *et seq.* and § 28-14-1, *et. seq.*

### II.     Parties

2. Plaintiff Michael R. Chisholm is a resident of the Town of Middletown, County of Newport, and State of Rhode Island, and at all times relevant to this action was an employee, within the meaning of 29 U.S.C. § 203(e)(1) of the FLSA and R.I. Gen. Laws § 28-12-2(5) of the RIPW, employed by Defendants in the State of Rhode Island.

3. Defendant West Indies Management Company, d/b/a WIMCO, *alias*, ("Defendant WIMCO") is a corporation organized under the laws of the State of Rhode Island and doing

business in the State of Rhode Island, with a principal place of business located at 28 Pelham Street, 2nd Floor, Newport, RI 02840.

4. Defendant Nocturne Luxury Villas, Inc., *alias* ("Defendant Nocturne") is a corporation organized under the laws of Delaware and doing business in the State of Rhode Island, with its headquarters located at 1521 Westbranch Drive Suite 200 McLean, Virginia, with a place of business in Rhode Island at 28 Pelham Street, 2nd Floor, Newport, RI 02840.

5. Unless otherwise specified, the term "Defendants" as hereinafter used shall refer collectively to both Defendants named or described in the instant action.

### III.    Jurisdiction

6. The United States District Court for the District of Rhode Island has federal subject matter jurisdiction over this matter pursuant to the provisions of 28 U.S.C. § 1331 because Plaintiff asserts claims arising under federal law; specifically, the FLSA.

7. Supplemental jurisdiction over the state law claim set forth herein is predicated on 28 U.S.C. § 1367 as they arise out of the same case or controversy.

### IV.    Venue

8. Venue is proper in this Court insofar as the Defendants are or were doing business in Rhode Island and therefore are deemed to reside in the District of Rhode Island and a substantial part of the acts or omissions giving rise to Plaintiff's claims occurred within the State of Rhode Island, in compliance with the requirements set forth in 28 U.S.C. § 1391.

### VI. Material Facts

*FLSA and RIPWA Liability Allegations*

9. At all relevant times, Plaintiff was an "employee" of Defendants, either individually and/or jointly, within the meaning of 29 U.S.C. § 203(e)(1) of the FLSA as well as within the meaning of R.I. Gen. Laws §§ 28-12-2(5) and 28-14-1(2) of the RIPWA.

10. At all times relevant to this action, Defendants were an "employer" both within the meaning of 29 U.S.C. § 203(d) of the FLSA as well as within the meaning of R.I. Gen. Laws §§ 28-12-2(7) and 28-14-1(3) of the RIPWA.

11. At all relevant times, Plaintiff was "engaged in commerce or in the production of goods for commerce" within the meaning of, *inter alia*, 29 U.S.C. §§ 203 (b), (i)-(j), 206(a), and 207(a), as an employee employed by and performing work for one or both Defendants.

12. At all relevant times, Defendants were engaged in related activities performed through unified operation and/or common control for a common business purpose and are, and at all times hereinafter mentioned, were an enterprise within the meaning of 29 U.S.C. § 203(r).

13. At all relevant times, Defendants individually and our jointly were an "enterprise engaged in commerce or in the production of goods for commerce" within the meaning of, *inter alia*, 29 U.S.C. §§ 203(s).

14. At all relevant times, Defendants' integrated enterprise has had an annual gross volume of sales made or business done in the amount of not less than $500,000.00.

*Work Performed for Defendants and Defendants' Illegal Pay Scheme*

15. Plaintiff was hired by Defendant WIMCO on or about February 15, 2001 as a Villa Vacation Sales Agent.

16. As a Villa Vacation Sales Agent Plaintiff assisted callers and travel agents in finding villa vacation properties for their needs as well as visiting destinations and villas to see the properties and evaluate them.

17. In or about December 2021 Defendant Nocturne purchased either in whole or in part Defendant WIMCO.

18. This purchase had no impact on Plaintiff's job duties, role, or compensation.

19. Further, Defendant WIMCO continued to exist as a corporation under the laws of Rhode Island and interactions with customers and clients and work performed by Plaintiff continued to be done under the WIMCO name.

20. However, Defendant Nocturne, following the purchase, was the entity listed on Plaintiff's paystubs.

21. In his role as a Villa Vacation Sales Agent, Plaintiff worked either from Defendants' offices in Newport or remotely from his home office.

22. Plaintiff's role with Defendants was a full-time, forty (40) hour a week position.

23. Neither Plaintiff nor anyone else in his role clocked-in or out.

24. Defendants had not procedure for keeping track of the hours worked each week by Plaintiff or other employees.

25. Plaintiff was paid a weekly wage of four-hundred and eighty ($480.oo) dollars plus commission no matter how many hours he worked in a given work week.

26. Plaintiff often worked more than forty (40) hours in a workweek, particularly when he had to travel to examine and evaluate various travel venues, but also on other occasions.

27. Indeed, Plaintiff in general worked more than forty (40) hours in a workweek at least one or more times per month.

### *Failure to Pay Wages and Overtime Wages*

28. At all relevant times, Plaintiff was a non-exempt employee involved in inside sales entitled to payment of wages for all hours worked and for overtime wages at the required time and one-half premium rate as defined and required under the FLSA and RIPWA.

29. Despite the fact that Plaintiff was a non-exempt employee, Defendants failed or refused to pay Plaintiff wages for all hours worked and/or for overtime wages at the required time and one-half premium rate as defined and required under the FLSA and RIPWA.

### *Failure to Record and Preserve a Record of All Hours Worked*

30. Defendants willfully and repeatedly violated 29 U.S.C. §§ 211(c) and 215(a)(5) of the FLSA by failing to make, keep, and/or preserve adequate and accurate records of Plaintiff's wages, hours, and other conditions and practices of employment as prescribed by regulations duly issued pursuant to authority granted under the FLSA and found in 29 C.F.R. § 516.2.

31. At all relevant times, Defendants failed and/or refused to make and/or keep in or about their premises various records of Plaintiff's employment that the RIPWA mandates employers make and keep, including, but not limited to, the hours worked each day and each work week by each employee. *See* R.I.G.L. § 28-12-12 and §§ 28-14-2.1 and 12.

### VI.   Claims for Relief

32. Plaintiffs incorporate the allegations contained in ¶¶1 through 31 above in the counts set forth below.

**Count One**
*Fair Labor Standards Act,*
*U.S.C. § 201, et seq.*

33. Defendants, by their acts and/or omissions, including, but not limited to, those described herein, violated the FLSA by failing to pay wages and overtime wages for all hours worked as provided therein, thereby causing Plaintiff to suffer damages as aforesaid, for which he is entitled to relief pursuant to 29 U.S.C. § 216(b).

**Count Two**
*Rhode Island Payment of Wages Act,*
*R.I. Gen. Laws § 28-12-1, et seq., and*
*R.I. Gen. Laws § 28-14-1, et seq.*

34. Defendants, by their acts and/or omissions, including, but not limited to, those described herein, violated the RIPWA by failing to pay wages and overtime wages for all hours worked as provided therein, thereby causing Plaintiff to suffer damages as aforesaid, for which he is entitled to relief pursuant to R.I. Gen. Laws § 28-14-19.2 and § 28-14-20.

### VII.    Prayers for Relief

**WHEREFORE**, Plaintiff prays that this Honorable Court grant the following relief:

1. A declaratory judgment declaring that the acts and/or omissions of Defendants, including, but not limited to those complained of herein, are in violation of the FLSA and the RIPWA.

2. An injunction directing Defendants to take such affirmative action as is necessary to refrain from such conduct as is necessary to ensure that the effects of these unlawful employment practices are eliminated and not repeated.

3. An award of compensatory damages.

4. An award of punitive damages.

5. An award of liquidated damages pursuant to 29 U.S.C. § 216(b).

6. An award of liquidated damages of two times the amount of wages and and/or benefits owed pursuant to R.I. Gen. Laws § 28-14-19.2 and § 28-14-20.

7. An award of reasonable attorney's fees and costs of litigation pursuant to 29 U.S.C. § 216(b).

8. An award of reasonable attorney's fees and costs pursuant to R.I. Gen. Laws § 28-14-19.2 and § 28-14-20.

9. An award of other appropriate equitable relief pursuant to 29 U.S.C. § 216(b).

10. An award of other appropriate equitable relief or penalties pursuant to R.I. Gen. Laws § 28-14-19.2.

11. An award of such other and further relief as this Honorable Court deems just and proper.

### VIII. Demand for Jury Trial

Plaintiff hereby demands a trial by jury on all counts so triable.

### IX. Designation of Trial Counsel

Plaintiff hereby designates Richard A Sinapi, Esquire, as trial counsel.

                                        Plaintiffs
                                        By their attorneys,
                                        **SINAPI LAW ASSOCIATES, LTD.**

**Dated: December 6, 2022**               /s/  **Richard A. Sinapi, Esq**.
                                        **Richard A. Sinapi, Esq. (#2977)**
                                        2374 Post Road Suite 201
                                        Warwick, RI 02886
                                        Phone:  (401) 739-9690; FAX:  (401) 739-9490
                                        Email: ras@sinapilaw.com